[L. A. No. 1016.  Department Two.—October 18, 1902.]

## O. D. WEEKS, Appellant, v. SYLVESTER LINK and SOPHIA G. LINK, Respondents.

EJECTMENT—PLEADING—DENIAL OF RIGHT OF POSSESSION.—An answer in an action of ejectment which does not deny the plaintiff's ownership, but denies that he was at any time in the possession, or entitled to the possession, of the land and premises in controversy, and sets up a contract under which the defendants were lawfully in possession, presents a sufficient defense to the action.

ID.—DENIAL OF OUSTER.—A denial that at any time "the defendants did enter upon the premises and oust, eject, or exclude the plaintiff therefrom," is intended to go to the allegation of ouster, and not to the allegation of entry, which the pleadings and proofs show to have been lawful.

ID.—CONVEYANCE BY DEVISEE—CONTRACT OF EMPLOYMENT FOR LIFE—HOME FOR LIFE—RIGHT OF POSSESSION.—Where the deceased daughter of the defendants, who was plaintiff's wife, owned the premises, consisting of a ranch and orange orchard, which she had placed in defendants' possession, and devised the same to her father, and defendants deeded the same to the plaintiff, under an agreement that the father should be employed to cultivate and manage the property for the plaintiff at an annual salary for life, and should employ needed assistance at plaintiff's expense, and account to plaintiff, the object of the agreement being stated to insure to the defendants a home on the ranch during their lives free of rent and all charges; such agreement, so long as performed on defendants' part, entitles them to the undisturbed use and occupation of the premises.

ID.—DISTRIBUTION OF ESTATE—LIFE ESTATE.—The right to the possession of the premises by the defendants under the contract does not

depend upon whether the estate of the deceased daughter had been lawfully distributed to her father as devisee thereof, nor upon whether the agreement did or did not vest a strict life estate in the defendants.

APPEAL from a judgment of the Superior Court of San Bernardino County. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

T. R. Archer, for Appellant.

Halsey W. Allen, for Respondents.

HENSHAW, J.—The complaint is in ejectment, alleging ownership and possession in plaintiff upon the second day of January, 1899, and the unlawful ouster and withholding of possession by defendants. The defendants pleaded, and the court found, that Eva G. Weeks in her lifetime was the owner of the property in dispute; that Eva G. Weeks was the wife of O. D. Weeks, plaintiff herein, and daughter of defendants; that defendants were put in possession of the property by their daughter, resided upon it and made it their home with their daughter until her death in October, 1897, and that since her death they had continued to occupy the premises as their dwelling-place and home; that their daughter died seised in fee of the property, and by her last will and testament, which was admitted to probate, devised the same to her father, the defendant, Sylvester Link; that by the decree of distribution in the estate of Eva G. Weeks, deceased, the land and premises were distributed to the defendant, Sylvester Link, according to the terms and provisions of the will of the daughter. Thereafter, and on the sixteenth day of June, 1898, the defendants executed and delivered to the plaintiff a deed of conveyance of the land and premises. A part of the consideration for the deed was a certain contract and agreement in writing, executed by the parties on that date. This agreement provided that the plaintiff employed the defendant Sylvester Link "to farm, cultivate, work, superintend, and manage the ranch and orange orchard situated on Dearborn Street in said city of Redlands, on which the said Sylvester Link and his wife now reside, for and during the natural life of the said party of the second part, and hereby agrees to pay to the said

party of the second part for said work, labor, and services the sum of $250.00 annually during each and every year of said term. *The object of the said Oscar Dayton Weeks by this agreement being to insure to the said Sylvester and his wife - a home on said ranch during their lives free of rent and all charges whatsoever.*'' The contract further provided for an accounting by the defendant Sylvester Link of his stewardship, empowered him to employ extra help in the cultivation of the ranch and in gathering and marketing the proceeds thereof, and bound the plaintiff to pay such necessary extra help, either out of the proceeds of the sale of the products of the ranch, or from his own funds, if requested to do so. The defendants then allege that they were in possession of the premises under this agreement, which had been faithfully carried out upon their part, and prayed judgment accordingly.

Appellant enters into a minute dissection of defendants' answer and of the findings of the court, seeking thereby to show as to the one that the denials are insufficient to raise issues, and as to the other that they are self-contradictory and insufficient to sustain the judgment. Defendants do not deny the ownership of plaintiff, but they do specifically deny ''that said plaintiff on said second day of January, 1899, or at any other time, was possessed or entitled to the possession of said land and premises.'' This is a sufficient denial of plaintiff's possession or right of possession, which is at the foundation of an action in ejectment, and upon this the finding of the court is specifically ''that defendants were in possession of said premises upon June 16, 1898, and continually thereafter, and are now in possession thereof under said agreement:'' Defendants further denied ''that at the date aforesaid, or at any other time, they did enter into and upon said land and oust or eject or exclude the plaintiff therefrom.'' It is plain from this that their denial was meant to go to the allegation of ouster, and not to the allegation of entry, which their pleadings show and their proofs establish was lawful, and upon this the court finds that there was no ouster.

It is further said by appellant that the findings show that no title could have passed from Eva G. Weeks, deceased, to the defendants, because it is disclosed that the attempted distribution of her estate was made within sixty days after her

death. However this may have been in fact, it certainly does not affect the agreement between this plaintiff and these defendants, which agreement declares that in consideration of their deed to him of the premises, they are to remain in occupancy of it as tenants for life. Again, if we understand appellant's argument, it is to the effect that as the court found that he was the owner in fee simple,—the owner of the largest estate known to the law,—there could be no outstanding legal possession or right of possession against such an estate. We cannot think that this argument has been seriously advanced, and must conclude that we have been unable to understand appellant's position in the matter.

Some argument is addressed to the meaning of the agreement between the parties as to whether or not that agreement creates and vests a life estate in the defendants. We do not find it necessary to determine this matter. The agreement was one which was in itself legal, and which the parties had the legal power to make. Indeed, from the disclosures of the record, it was an agreement which the plaintiff well might have made, and better should have lived up to. It was an agreement whereby a home for their natural lives was provided for the father and mother of his deceased wife, who, in part consideration therefor, made him a deed to the property which had been devised to them by their daughter. The court finds that the defendants have fully performed the agreement upon their part, and so long as they do fully perform it they are unquestionably entitled to the undisturbed use and occupation of the premises, whether their right thereto be said to rest upon a strict legal conveyance of an estate for life or not.

The judgment appealed from is therefore affirmed.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.